894 So.2d 1004 (2005)
CROSSPOINTE, INC., a Florida Corporation, Petitioner,
v.
Susan JOHNSON and Joan Keebler, Respondents.
No. 1D04-1829.
District Court of Appeal of Florida, First District.
January 13, 2005.
*1005 Charles F. Beall, Jr., Esquire, of Moore, Hill & Westmoreland, P.A., Pensacola, for Petitioner.
Ronald W. Johnson, Esquire, of Kinsey, Troxel, Johnson & Walborskey, P.A., Pensacola; Philip A. Bates, Esquire, of Philip A. Bates, P.A., Pensacola, for Respondents.
PER CURIAM.
Petitioner requests a writ of certiorari from this Court, asserting that the trial court departed from the essential requirements of law in granting respondent Susan Johnson's motion to compel the production of documents petitioner asserts are privileged. Because petitioner conceded that the trial court properly ruled that Johnson is entitled to the documents referenced in the order, we deny the petition for writ of certiorari.
This case arises from a dispute between two fifty-percent owners of CrossPointe, Incorporated ("CrossPointe, Inc."), Susan Johnson and Joan Keebler, wherein Keebler accused Johnson of fraud, breach of fiduciary duty, conversion, and tortious interference. After bifurcating the case to first determine proper ownership of the corporation, the trial court ruled that Johnson was a fifty-percent owner of CrossPointe, Inc., and as such, she was entitled to full access of the corporate records of CrossPointe, Inc. Petitioner appealed the ruling, and this Court affirmed. See Crosspointe, Inc. v. Johnson, 876 So.2d 563 (Fla. 1st DCA 2004).[1]
Again, in March 2004, after Johnson filed a motion to compel production of CrossPointe, Inc.'s corporate documents, the trial court ruled that Johnson was entitled to view the corporate records of CrossPointe, Inc., stating that "CrossPointe, Inc. shall release the records to Johnson for purpose of this litigation only." (Emphasis added). Petitioner then requested a writ of certiorari from this Court, arguing that Johnson was not entitled to the documents, which are now allegedly in the possession of CrossPointe LLC, a separate and distinct entity from CrossPointe, Inc. In response to a subsequent order to show cause why this issue was not previously considered and controlled by the law of the case, petitioner conceded that "a director of a corporation is entitled to access to the corporation's books and records.... Thus, [petitioner] agrees that Johnson is entitled to equal access to all of the corporate records and information owned by CrossPointe, Inc." (Emphasis in original). Petitioner continued to argue, however, that Johnson was not entitled to access any of the documents because they are now held by CrossPointe LLC.
Petitioner erroneously argues as if the trial court's March 2004 order compels the discovery of documents in the possession of CrossPointe LLC. It does not. As stated above, the trial court's order specifically states that CrossPointe, Inc. is to turn over any relevant documents. The trial court does not direct CrossPointe LLC to do anything.
*1006 Therefore, we deny the petition for writ of certiorari.
BROWNING, LEWIS and POLSTON, JJ. concur.
NOTES
[1] Subsequently, in a separate action, a creditor forced CrossPointe, Inc. into receivership and sold most of the corporation's assets at a duly noticed sale. CrossPointe LLC, an Alabama limited liability company and designee of Keebler, purchased many of CrossPointe, Inc.'s assets, including the rights to the instant litigation. The parties agree that CrossPointe, Inc. is still a viable and separate entity with its own assets.